UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 11-361-KKC

DUSTIN HARRISON and
SALLY ANN WEST                                                                                    PLAINTIFFS

v.                            **MEMORANDUM OPINION AND ORDER**

ALLSTATE INDEMNITY COMPANY, and
UNKNOWN DEFENDANTS
                                                                                                   DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion to Remand. [DE 5]. The Defendant, Allstate, filed a response [DE 7] to which the Plaintiff replied. [DE 8]. The matter is ripe for a decision. For the following reasons, Plaintiffs' Motion is GRANTED.

## I. BACKGROUND

In November 2010, Plaintiffs' home burned down while they were in Las Vegas. They submitted a claim to their insurer, Allstate Indemnity Company ("Allstate"), which denied the claim. Allstate maintains that the fire was intentionally set and that "Mr. Harrison in all probability directed someone to set his home on fire." [DE 7-1, Hendrick Aff. at 1.] Allstate, local and federal law enforcement agencies interviewed individuals as part of their investigation. Allstate's conclusion that the fire was the result of arson caused or influenced by Mr. Harrison was based, in part, on some of these interviews. Allstate maintains that the witness testimony is consistent with "a mountain of evidence . . . that point to arson." [DE 7 at 2]. Prior to the instant litigation, Allstate did not provide the Plaintiffs with the identity of any of these witnesses.

1

Plaintiffs originally filed their Complaint in Fayette Circuit Court to recover against Allstate for denying coverage. Plaintiffs also asserts two causes of action against unknown witnesses or Unnamed Defendants for 1) defamation and slander, and (2) tortious interference with contract. Plaintiffs alleges that these unknown witnesses provided Allstate with "slanderous accusations" and "interfered with the Plaintiffs' contractual rights with Allstate." [DE 1-3, Compl. at ¶ 40-51.] Allstate removed the action to this Court under 28 U.S.C. §1441 on the basis of diversity of citizenship under 28 U.S.C. § 1332.

In its Response, Allstate identifies two witnesses from whom it obtained information, Bassam Al Froukh and Ashley Mays. [DE 7 at 7.] Bassam Al Froukh is a neighbor and friend of Harrison who traveled to Las Vegas with the Plaintiffs. According to Allstate, Al Froukh told fire investigators that he observed people removing equipment from Harrison's address on the Saturday night before the early Monday morning fire. [DE 7 at 7]. Plaintiffs argue that Al Froukh could not have observed people removing equipment from their house on Saturday night because he was in Las Vegas with the Plaintiffs on the Saturday night before the fire. [DE 8 at 4].

In a recorded interview, Mays told Lexington arson investigators that someone told her "Sally and Dustin are going to burn their house down while we're gone to Vegas." [DE 7 at 7]. Plaintiffs dispute Mays's testimony because "Mays has a motive for asserting false statements" because the Plaintiffs discovered Mays had stolen property and brought this property with her to Las Vegas. [DE 8 at 3-4]. Plaintiffs assert on information and belief that Al Froukh is a resident of Fayette County, Kentucky and that Mays's last known address was in Madison County, Kentucky. [DE 8 at 1]. Allstate never denies that Mays and Al Froukh are Kentucky residents.

Plaintiffs argue this case should be remanded to state court because the Unknown Defendants are Kentucky residents and therefore, there is not complete diversity. Allstate argues

2

that the Unknown Defendants are non-essential and should be ignored as "fictitious names" under 28 U.S.C. § 1441(a).[1]

## II. ANALYSIS

As the removing party, Allstate bears the burden of proving the existence of federal jurisdiction. *Eastman v. Marine Mech. Corp*, 438 F.3d 544, 550 (6th Cir. 2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statement should be strictly construed and all doubts resolved in favor of remand." *Id.* (alteration in original) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Plaintiffs argue that diversity of citizenship is not present because the Unknown Defendants are citizens of Kentucky. Allstate argues against remand because the Unknown Defendants are "fictitious defendant[s]" and their citizenship should be disregarded. 28 U.S.C. § 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded.") However, "this restriction d[oes] not apply when the complaint provided a description of a fictitious defendant in such a way that his identity could not be reasonably questioned. *Musial v. PTC Alliance*, No. 5:08CV-45R, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008) (citing *Marshall v. CSX Transportation Co., Inc.*, 916 F. Supp. 1150, 1152 (M.D. Ala. 1995)). Additionally, the fact that "the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity

---

[1] The 2011 Amendments to § 1441 took effect on January 7, 2012, after the commencement of this case, and therefore do not apply. Pub. L. 112-63 § 105. The Court will cite to § 1441 (a) for the "fictitious names" language although that language is now contained in § 1441(b). *See* Pub. L. 112-63, §§ 103(a).

purposes." *Id.* (quoting *Marshall,* F. Supp. at 1152).

Here, Plaintiffs "description of the fictitious defendant[s]" was sufficiently precise that Allstate actually identified and named two of the Unknown Defendants in its Response. Allstate's Response acknowledges that Bassam Al Froukh provided relevant information to local law enforcement, which in turn provided information to Allstate. Thus, Bassam Al Froukh is one of the "Unnamed Defendants" in Plaintiffs' Complaint. Allstate identifies Bassam Al Froukh as a "neighbor of Dustin Harrison" who is a Kentucky resident. At this point, it appears that these "fictitious defendants" are no longer fictitious, and at least one of them is a Kentucky resident. Additionally, Allstate has full knowledge of the identity and citizenship of these Unknown Defendants because it interviewed and/or received statements from these individuals. More importantly, Allstate has never denied that the Unknown Defendants are citizens of Kentucky. Thus, Section 1441(a)'s requirement that the "citizenship of defendants sued under fictitious names shall be disregarded" does not apply here.

Congress contemplated this scenario occurring under § 1441(a). The Commentary to the 1988 Amendments to § 1441 that added the fictitious names language stated that "[w]hen in the course of the proceedings in federal court, the unknown defendant becomes known, and it also becomes known that his citizenship defeats diversity. The result may be a remand of the case." Commentary on the 1988 Revisions of Section 1441. In the course of the proceedings of this case in federal court, at least two of the Unknown Defendants have become known, and at least one of those defendants defeats diversity. Because this case is at such an early stage and there has been no discovery, the only appropriate remedy is remand.

In its Response, Allstate discusses the merits of Plaintiffs' claims. However, whether Plaintiffs will ultimately prevail on their claims against Allstate or the Unknown Defendants is

4

irrelevant to this Court's analysis of this motion. Plaintiffs must only present a "colorable basis for predicting" recovery against non-diverse defendants. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Further, the Court "must resolve all disputed questions of fact" in favor of the non-moving party. *Id.*

"In order to prove a claim for tortious interference, [a plaintiff] must demonstrate a wrongdoer intentionally meddle[d] with an agreement without justification or invade[d] contractual relations by engaging in significantly wrongful conduct." *Leary v. Daeschner*, 186 F. Supp. 2d 774, 776 (W.D. Ky. 2001) (quoting *Hunt Enterprises, Inc. v. John Deere Indus. Equip. Co.*, 18 F. Supp. 2d 697, 702-03 W.D. Ky. 1997) (internal quotation marks omitted)).

Plaintiffs' allege that Al Froukh and Mays intentionally gave false statements to law enforcement about the fire that destroyed Harrison's house. It is colorable that an intentional lie to law enforcement officials who are investigating the fire at Harrison's house is "significant[] wrongful conduct" that invaded the contractual relations between Harrison and Allstate, by at least influencing Allstate's coverage denial. Additionally, Allstate maintains that Plaintiffs cannot make out a claim for slander because truth is a complete defense to slander. However, at this point, the Court must resolve all factual disputes in favor of the Plaintiffs. It is a disputed question of fact whether Al Froukh and Mays intentionally lied to police and whether the Plaintiffs directed someone to burn their house down. Although Mays and Al Froukh have a complete defense to all of Plaintiffs' claims if they told the truth, that is a disputed material fact and it is inappropriate to resolve that dispute on a motion to remand.

Additionally, Allstate argues that the Unknown Defendants are "nominal parties" and their addition is a "mere gesture" because they have "no legal interest in the action." These non-diverse unknown, but now known, witnesses are named as defendants with specificity in

5

Plaintiffs' Complaint. Plaintiffs allege that these witnesses provided Allstate with "slanderous" information. Although the Unknown Defendants may be only a small portion of the evidence that the Plaintiffs committed arson – they are not "nominal parties" with respect to the slander and tortious interference claims. Plaintiffs asserted specific causes of action against specific defendants. Those defendants are not "nominal parties." Whether Plaintiffs can prove these claims is an issue for a court of competent jurisdiction—the state court.

Plaintiffs have asserted claims against individuals which Allstate tacitly admits, and never denies, are residents of Kentucky. Therefore, Allstate has not carried its burden of proving there is complete diversity of citizenship and Plaintiffs' Motion for Remand is GRANTED.

It is ORDERED:

1) Plaintiffs' Motion to Remand [DE 5] is GRANTED;

2) This action is remanded back to the Fayette Circuit Court for further proceedings; and

3) This matter is STRICKEN from the DOCKET.

Dated this 26th day of March, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge